

JUN 2 5 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. CRISTOBAL SANCHEZ-CHAVEZ, Defendant/Movant. | Cause No. CR 13-90-BLG-SPW<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME |

This case is before the Court on Defendant/Movant Sanchez-Chavez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Counsel has filed an unopposed motion for extension of time to file an amended motion. He explains he is having difficulty contacting the defendant and that the evidence of which he is aware at this point does not appear to support a claim for relief. He notes it is not clear whether an *Anders* brief is acceptable but that it may be appropriate. *See Anders v. California*, 386 U.S. 728 (1967).

*Anders* applies when a defendant has a constitutional right to counsel. Sanchez-Chavez does not have that in this proceeding. Under Ninth Circuit Rule 4-1, an *Anders* brief is appropriate in a federal habeas appeal. *See Graves v. McEwen*, 731 F.3d 876, 879-80 (9th Cir. 2013). But the Ninth Circuit Rule does not apply here either.

1

Nonetheless, an *Anders* brief is appropriate. An attorney cannot take a position contrary to her client's interests, but she also cannot assert a claim she believes to lack a colorable basis in law or fact. An *Anders* brief does "not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain." *Anders*, 386 U.S. at 744. The brief should provide the court with some guidance as to the issues counsel considered. The defendant, acting *pro se*, may file his own brief, and the court then reviews the entire record before it and decides whether to terminate the action or order additional steps. *See id.* at 745.

To implement that process here, counsel may file a brief setting forth the claims Sanchez-Chavez identified and any additional claims counsel believes the Court should look over, along with the available factual basis and citations to relevant (if not ultimately persuasive) legal authority. If, despite a good-faith attempt to find supporting evidence, counsel cannot carry his burden of proving an essential fact by a preponderance of the evidence, he may simply aver that he investigated and identify the claim(s) that lack evidentiary support. He may of course explain to the defendant why the law or facts do not support relief, but he should not put that explanation in the brief he files with the Court.

The Court will review counsel's submission, hear from Sanchez-Chavez if counsel can locate him in a timely manner, and review the record. The objective

2

will be to determine whether Sanchez-Chavez can make a substantial showing that he was deprived of a constitutional right or whether reasonable jurists could find a basis to encourage further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Counsel's request for an extension of time is reasonable and unopposed. The extension, however, will have no effect on the statute of limitations.

Accordingly, IT IS HEREBY ORDERED:

1. Sanchez-Chavez's motion for extension of time (Doc. 163) is GRANTED.

2. An amended motion superseding other pleadings or an *Anders* brief must be filed on or before **July 31, 2018.**

3. If counsel files an *Anders* brief, Sanchez-Chavez may respond to it within 21 days of its service on him.

DATED this 25th day of June, 2018.

Susan P. Watters
United States District Court