

FILED
OCT 29 2018
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. CRISTOBAL SANCHEZ-CHAVEZ, Defendant/Movant. | Cause No. CR 13-090-BLG-SPW<br>CV 16-168-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case is before the Court on motion by Defendant/Movant Cristobal Sanchez-Chavez ("Sanchez") to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

Sanchez filed his motion pro se, alleging in part that a Title III wiretap application was defective and that it was unreasonable for counsel to fail to challenge it. Because he, as a prisoner, would likely be unable to review the application, the Court appointed new counsel to represent him. Counsel was ordered to file an amended motion and was permitted to file an *Anders* brief if appropriate. *See* Orders (Docs. 152, 154, 164); *see also Anders v. California*, 386 U.S. 728 (1967); *Graves v. McEwen*, 731 F.3d 879, 879–80 (9th Cir. 2013).

On July 31, 2018, counsel filed an amended § 2255 motion and an *Anders*

1

brief (Doc. 168). Sanchez had an opportunity to respond, *see* Order (Doc. 164) at 3 ¶ 3, but did not do so.

## I. Preliminary Review

The Court has reviewed the amended motion in light of the record of the case. *See* Rule 4(b), Rules Governing § 2255 Proceedings. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings; *see also United States v. Rodriguez-Vega*, 797 F.3d 781, 791–92 (9th Cir. 2015).

Taking into account habeas counsel's investigation and his statement that he was not able to support Sanchez's allegations, the § 2255 motion will be denied.

## II. Background

On October 3, 2013, a grand jury indicted Sanchez and co-defendant Hector Magallon-Lopez ("Magallon") on one count of conspiring to possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and

2

841(a)(1) (Count 1). Magallon was also charged with one count of possessing the same, a violation of 21 U.S.C. § 841(a)(1). *See* Indictment (Doc. 1).

Both defendants stood trial before a jury. Both were convicted. *See* Verdicts (Docs. 93, 94).

On November 20, 2014, Sanchez was sentenced to serve 151 months in prison, to be followed by a five-year term of supervised release. *See* Minutes (Doc. 104); Judgment (Doc. 106) at 2–3.

Sanchez appealed, challenging the sufficiency of the evidence and the denial of a minor-role reduction at sentencing. On December 23, 2015, the Court of Appeals affirmed his conviction and sentence. *See* Order (Doc. 151) at 3, *United States v. Sanchez-Chavez*, No. 14-30251 (9th Cir. Dec. 23, 2015).

Sanchez's conviction became final on March 22, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on December 5, 2016. *See* 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

The amended motion entirely supersedes Sanchez's pro se motion. *See* Order (Doc. 152) at 2 ¶ 3.

To the extent Sanchez asserts trial counsel was ineffective, he must allege facts sufficient to support an inference that counsel's performance was unreasonable and that there is a reasonable probability Sanchez would have been

3

acquitted had counsel performed reasonably. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

One or more of Sanchez's claims might be subject to procedural defenses, but his claims will be considered on the merits.

A. **Voice Identification**

At trial, Sanchez argued that he did not participate in the intercepted phone calls and that the United States had not correctly identified his voice. In his opening statement to the jury, defense counsel said:

> You'll not hear that Cristobal was in any kind of car with methamphetamine. You'll not hear that he delivered or sold anything to anybody. You'll just hear some conversations. And when you hear those conversations, look who is doing the talking. Look who knows what's going on. Look who sees and says what's happened and what ought to be done. You'll find it's a gentleman by the name of Mr. Magana. It's not Cristobal.

1 Trial Tr. (Doc. 132) at 127:25–128:8. Counsel highlighted, through cross-examination, that few of the questioned calls were compared to a recording known to be Sanchez's voice. *See* 2 Trial Tr. at 340:10–343:11.

Sanchez now submits a written declaration from a co-conspirator, Adan Magana-Sanchez ("Magana"), who states that "[t]he phone calls that I listened to . . . . were me on the call, not Cristobal." Am. § 2255 Mot. Ex. (Doc. 168-1 at 1).

Magana's declaration does not support a claim of ineffective assistance of counsel. Assuming Magana listened to the same calls that were played for the jury

4

at Sanchez's trial, *see, e.g.*, 1 Trial Tr. (Doc. 132) at 219:2–18, 234:2–239:3; 2 Trial Tr. (Doc. 133) at 251:10–259:15, 266:3–293:8, 294:5–298:8, competent counsel would reasonably have thought it fruitless to pursue Magana's testimony. To show he had personal knowledge adequate to support his testimony that Sanchez was not involved, Magana would have to testify that he participated in these drug-trafficking phone calls. And that testimony would "support a conviction under a federal criminal statute," which is the essential precondition for invoking the Fifth Amendment. *See United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998). "[A] criminal defendant's right to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive [the] Fifth Amendment privilege against self-incrimination." *Id.* at 1191. Even if there is a reasonable probability Sanchez would have been acquitted based on Magana's testimony, it was not unreasonable for counsel to reject a chimerical pursuit.

Sanchez also claims Magana's declaration is evidence of Sanchez's actual innocence. *See* Am. §2255 Mot. at 8. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief." *Herrera v. Collins*, 506 U.S. 390, 400, 417 (1993). Even if a petitioner made "a truly persuasive demonstration of 'actual innocence'" and had "no . . . avenue open to process such a claim" other than federal habeas relief, "the

5

thresholding showing" for relief "would necessarily be extraordinarily high." *Id.* at 417. Magana's declaration merely opposes other evidence, including the jury's own assessment of whether the voice they heard in phone calls Sanchez made from jail was the same voice they heard in the drug-trafficking phone calls. Whatever else might be required of a petitioner claiming actual innocence, adding Magana's declaration to the balance of the testimony and evidence presented at trial does not suffice.

This claim, *see* Am. § 2255 Mot. at 3–10, is denied.

### B. Fourth Amendment Claims

Sanchez lacked standing to contest the legality of the traffic stop or the search of co-defendant Magallon's vehicle. *See, e.g.*, Am. § 2255 Mot. at 10–16; *Rakas v. Illinois*, 439 U.S. 128, 139–40 (1979). All Fourth Amendment claims, *see* Am. § 2255 Mot. at 10–16, are denied.

### C. Wiretaps

Habeas counsel explains that he considered whether trial counsel should have challenged the wiretap evidence. If counsel's performance was unreasonable in this respect, Sanchez likely was prejudiced. The verdict depended in large part on investigating agents' identification of Sanchez as a participant in the recorded conversations. For that reason, trial counsel urged the jurors to listen for themselves. *See, e.g.*, 3 Trial Tr. (Doc. 134) at 546:24–547:15.

6

But there is no support for an inference that trial counsel performed unreasonably. Case law does not support a claim that trial counsel should have retained an expert witness to refute the agent's voice identification. *See, e.g., United States v. Plunk*, 153 F.3d 1011, 1022–23 (9th Cir. 1998), *overruling on other grounds noted by United States v. Hankey*, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000). Habeas counsel considered whether any conversations were recorded outside the authorized time period, whether the Title III warrant applications were adequately supported and timely made, and whether any extraneous communications were obtained. He was unable to support a claim against trial counsel. *See, e.g.*, Am. § 2255 Mot. at 27.

This claim, *see* Am. § 2255 Mot. at 16–29, is denied.

### D. Sufficiency of the Evidence

Sanchez contends that the evidence was not sufficient to support his conviction. But he raised this claim on appeal, and the court of appeals rejected it. The appellate court's decision is law of the case. Sanchez presents no justification for this Court to deviate from it. *See United States v. Jingles*, 702 F.3d 494, 502–03 (9th Cir. 2013). This claim, *see* Am. § 2255 Mot. at 29–31, is denied.

### E. Interpreters' Objection

Finally, Sanchez asserts that trial counsel should have pursued an issue the interpreters raised on the morning of the second day of trial regarding potentially

7

incomplete or inaccurate transcription into English of phone conversations in Spanish. *See* 2 Trial Tr. (Doc. 133) at 244:5–246:24. But there is no reason to infer that Sanchez might be able to show the English transcripts were inaccurate or that accurate transcripts would, to a reasonable probability, lead to his acquittal. This claim, *see* Am. § 2255 Mot. at 31–34, is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Habeas counsel was appointed to investigate whether Sanchez's claims might have legal and factual support. He also considered a few issues Sanchez did not raise. He was unable to find firm ground on which to proceed. The Court also reviewed the file and the amended motion and concluded that none of the claims Sanchez and habeas counsel identified makes a substantial showing that Sanchez

was deprived of a constitutional right.

Co-conspirator Magana's claim that the voice on the phone recordings was his rather than Sanchez's does not prove Sanchez innocent. At the time of trial, any reasonable lawyer would have anticipated Magana would plead the Fifth Amendment and refuse to testify in Sanchez's favor. Sanchez lacked standing to challenge the traffic stop and search of co-defendant Magallon's vehicle. Counsel reviewed the wiretap applications but was unable to find any material defect. The court of appeals already found the evidence was sufficient to support Sanchez's conviction. There is no reason to suppose that the English transcripts inaccurately represented the phone calls conducted in Spanish or that accurate transcripts might have led to an acquittal.

Reasonable jurists would find no basis to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Sanchez-Chavez's amended motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 168) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Sanchez-Chavez files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-168-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Sanchez-Chavez.

DATED this 29th day of October, 2018.

*Susan P. Watters*
Susan P. Watters
United States District Court